UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SAFEWAY INSURANCE COMPANY<br>OF ALABAMA, INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>WENDELL LOVING and<br>WILLIAM D. JONES,<br><br>    *Defendants.* | Case No.: 2:19-cv-75<br><br>Judge Curtis L. Collier |

# **M E M O R A N D U M**

Before the Court are motions by Plaintiff, Safeway Insurance Company of Alabama, Incorporated, for entry of default judgment against Defendants Wendell Loving (Doc. 14) and William Jones (Doc. 15).

Federal Rule of Civil Procedure 55 states,

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.
    (1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
    (2) *By the Court*. In all other cases, the party must apply to the court for a default judgment . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
        (A) conduct an accounting;
        (B) determine the amount of damages;
        (C) establish the truth of any allegation by evidence; or
        (D) investigate any other matter.

Fed. R. Civ. P. 55.

On May 5, 2019, Wendell Loving was served with process. (Doc. 8.) On June 1, 2019, William Jones was served with process. (Doc. 9.) Neither party has entered a notice of appearance, answered the complaint, or otherwise responded to the complaint. On July 23, 2019, upon Plaintiff's applications (Docs. 10, 11), the Clerk of Court submitted entries of default as to each Defendant (Docs. 12, 13).

Plaintiff's complaint and affidavits accompanying its motions for default pray for entry of a judgment declaring that Safeway Insurance Company of Alabama, Incorporated, owes no contractual duty of indemnity or defense for the incident that occurred on August 18, 2018, under the terms of the insurance Policy #2776896-TN-PP-002 issued by Safeway Insurance Company of Alabama, Incorporated, to Wendell Loving as provided by law. (Docs. 1 at 9, 14-1, 15-1.) Because Plaintiff's complaint accordingly does not seek a "sum certain or a sum that can be made certain by computation," (*see* Fed. R. Civ. P. 55(b)(1)), Plaintiff now moves the Court to enter a default judgment as to each Defendant. (Docs. 14, 15.) On July 24, 2019, it appeared that Plaintiff also sought discretionary costs and court costs, the amount of which had not been verified or independently supported through declaration or briefing. (*See* Docs. 14-1, 15-1.) The Court ordered Plaintiff to provide briefing in support of an award of costs, as well as independent verification of costs. (*See* Doc. 16.) In response, Plaintiff filed a notice of withdrawal of portions of their motion for default, and has clarified that it does not seek discretionary or court costs, but only the entry of default judgment against Defendants. (Doc. 17.)

Upon Plaintiff's notice (Doc. 17), the Court finds a hearing unnecessary to enter an appropriate judgment order in this matter. Upon finding that the requirements of Federal Rule of

Civil Procedure 55 have been satisfied, the Court will **GRANT** Plaintiff's motions for default judgment (Docs. 14, 15).

**An Appropriate Judgement Order Will Enter.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**